UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED JAY JACKSON,<br><br>        Plaintiff,<br><br>    v.<br><br>L. D. GRIFFITH,<br><br>        Defendant. | Case No. 1:20-cv-00073-ADA-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. 34)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Fred Jay Jackson seeks to hold Defendant Griffith liable for a violation of his civil rights pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, or, in the Alternative, for Summary Judgment. (Doc. 34.) Plaintiff has opposed the motion (Doc. 37), and Defendant has filed a reply brief (Doc. 38).

**I.    PROCEDURAL BACKGROUND**

Plaintiff initiated this action with the filing of his complaint on January 15, 2020. (Doc. 1.) In its First Screening Order issued May 22, 2020, the Court found Plaintiff had failed to state a claim upon which relief could be granted. (Doc. 11.) Plaintiff was directed to file either a first amended complaint, curing the deficiencies identified in the screening order, or to file a notice of voluntary dismissal, within 21 days. (*Id*. at 7-8.)

1       When Plaintiff failed to file a first amended complaint or notice of voluntary dismissal, on

2  June 25, 2020, the Court issued its Order To Show Cause ("OSC") Why Action Should Not Be

3  Dismissed For Failure To Comply With The Court's Order. (Doc. 12.) Plaintiff responded to the

4  OSC, indicating he did not receive the screening order. (Doc. 13.) On July 15, 2020, the Court

5  discharged the OSC and granted Plaintiff a 30-day extension of time within which to file a first

6  amended complaint. (Doc. 14.)

7       Plaintiff filed his first amended complaint on August 10, 2020. (Doc. 15.) In its Second

8  Screening Order issued May 4, 2021, the Court again found Plaintiff had failed to state a claim

9  upon which relief could be granted. (Doc. 16.) Plaintiff was directed to file a second amended

10 complaint, curing the deficiencies identified in the order within 21 days. (Id. at 8-9.)

11      Plaintiff filed his second amended complaint on June 10, 2021. (Doc. 19.) On April 13,

12 2022, the Court issued Findings and Recommendations, recommending that the action proceed on

13 Plaintiff's cognizable substantive due process claim against Defendant Griffith, and that the

14 remaining claims be dismissed. (Doc. 24.) The assigned district judge issued an Order Adopting

15 the Findings and Recommendations on May 24, 2022. (Doc. 26.)

16      Following successful service of process, Defendant filed the instant motion to dismiss, or

17 in the alternative, motion for summary judgment, on September 27, 2022. (Doc. 34.) The motion

18 is fully briefed (Docs. 37 & 38) and has been submitted for decision.

19 **II.   SUBSTANTIVE DUE PROCESS CLAIM ASSERTED IN THE SECOND
          AMENDED COMPLAINT**
20

21      This action proceeds only on Plaintiff's substantive due process claim asserted in his

22 second amended complaint. (*See* Doc. 24 at 10-11 & Doc. 26.) In the Findings and

23 Recommendations concerning Plaintiff's second amended complaint, the Court found that

24 Plaintiff has set forth sufficient facts to assert a plausible due process claim:

25
> The Ninth Circuit has held that "the Fourteenth Amendment
26 > substantively protects a person's rights to be free from unjustified
> intrusions to the body, to refuse unwanted medical treatment and to
27 > receive sufficient information to exercise these rights intelligently."
> *Benson v. Terhune*, 304 F.3d 874, 884 (9th Cir. 2002) (citations
28 > omitted). In *White v. Napoleon*, which the Ninth Circuit cited
> favorably in *Benson*, 304 F.3d at 884, the Third Circuit held that

2

> "[p]risoners have a right to such information as is reasonably necessary to make an informed decision to accept or reject proposed [medical] treatment, as well as a reasonable explanation of the viable alternative treatments that can be made available in a prison setting." 897 F.2d 103, 113 (3d Cir. 1990); *see also Pabon v. Wright*, 459 F.3d 241, 250 (2d Cir. 2006) (prisoners have "a liberty interest in receiving such information as a reasonable patient would require in order to make an informed decision as to whether to accept or reject proposed medical treatment") (citing *White*, 897 F.2d at 113).
>
> . . . Plaintiff has provided sufficient facts to state a cognizable substantive due process claim. He alleges Dr. Griffith intentionally failed to read Plaintiff the consent form, failed to inform him of the risks and side effects of the prostrate biopsy procedure, and failed to inform him of the alternative medical options such as an MRI. Plaintiff also contends he would have "100%" declined the procedure had he been made aware of the risks and side effects and the medical alternatives. *Benson v. Terhune*, 304 F.3d at 884; *White v. Napoleon*, 897 F.2d at 113.
>
> Additionally, as noted above, despite the conclusory nature of Plaintiff's assertion that Dr. Griffith acted under color of state law, liberally construing the second amended complaint, the Court finds that Plaintiff has sufficiently alleged, at this stage of the proceedings, that the defendant was acting under color of state law.

(*Id*. at 11.)

### III. REQUESTS FOR JUDICIAL NOTICE

Defendant has filed two request for judicial notice. (Docs. 34-2 & 38-3.) In his first request, Defendant asks the Court to take judicial notice of the following:

1. Four documents from Kings County Superior Court Case Number 16C0052: (a) the first amended complaint filed June 8, 2016; (b) a notice of entry of judgment and order in favor of Defendant Griffith filed March 16, 2017; (c) an order re Plaintiff's motion for reconsideration filed April 26, 2017; and (d) Plaintiff's notice of appeal filed May 11, 2017

2. Three documents from California Court of Appeal for the Fifth Appellate District Case Number F075670: (a) the opinion issued September 30, 2019; (b) Plaintiff's petition for rehearing and notice filed October 18, 2019; and (c) the order denying the petition for rehearing issued October 28, 2019

3. Two documents from the California Supreme Court Case Number S258690: (a) Plaintiff's petition for review filed October 21, 2019, and (b) the order

1 | denying review issued December 11, 2019

    4. Three documents filed in the instant action, to wit: Plaintiff original, first amended, and second amended complaints

(Doc. 34-2 at 2-3.) In his second request which was filed following Plaintiff's opposition to the motion, Defendant asks this Court to take judicial notice of the following:

    1. An October 13, 2022, order finding Plaintiff to be a vexatious litigant pursuant to California Code of Civil Procedure section 391.7 in Kern County Superior Court Case Number BCV-21-101400

    2. The Fifth District Court of Appeal's October 25, 2022, opinion in Case Number F083707

    3. This Court's Findings and Recommendations issued April 13, 2022

(Doc. 38-3 at 2.)

    A court can take judicial notice of "documents on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases"). If a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document. *Borneo*, 971 F.2d at 248. Finally, a "federal district court can take judicial notice of its own records, and this is the established rule." *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) (internal citations omitted).

    Defendant's request for judicial notice, as set forth above, is granted. The judicial notice of these documents does not convert defendant's motion to dismiss to a summary judgment motion. *See United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) (a court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment).

//

## IV.   LEGAL STANDARDS: MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation marks & citations omitted). Dismissal is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). In addition, the Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## V.   DISCUSSION

### A. Res Judicata Bars Plaintiff's Claim in This Action

Defendant contends Plaintiff's claim for substantive due process should be barred by the doctrine of res judicata. (Doc. 34 at 2-6.) Defendant contends "Plaintiff's attempt to impose liability under state law for Dr. Griffith's alleged malpractice was fully adjudicated in state court" and that "the allegations in the [second amended complaint] are that Plaintiff received inadequate medical care." (*Id*. at 3.) Specifically, Defendant argues Plaintiff's first amended complaint filed

5

in Kings County Superior Court asserts claims that "Dr. Griffith's urology treatment fell below the standard of care and that he lacked informed consent for a transrectal guided biopsy he believed was not performed within the standard of care." (*Id*.) The state court granted Defendant's motion for summary judgment in October 2016 and entered judgment in Defendant's favor on March 16, 2017. (*Id*.) Plaintiff's motion for reconsideration was denied in April 2017, and Plaintiff filed a notice of appeal on May 11, 2017. (*Id*.) The appellate court affirmed the trial court's judgment in Defendant's favor and denied a petition for rehearing. (*Id*.) The California Supreme Court denied Plaintiff's petition for review on December 11, 2019. (*Id.*)

Plaintiff contends res judicata does not bar his claim. (Doc. 37.) He argues "res judicata does not bar plaintiff's claim that are predicated on events that postdate the filing of the initial complaint." (*Id*. at 3.) Plaintiff then contends that the state trial court erred in granting summary judgment. (*Id*. at 3-5.) Citing the California constitution, Plaintiff reasons that the state trial court's decision denied him a "liberty interest in receiving such information as a reasonable patient would require in order to make an informed decision as to whether to accept or reject proposed medical treatment." (*Id*. at 6-7.) Plaintiff contends because the California Code of Civil Procedure "allow for tolling beyond the three year requirement when in cases of intentional concealment are involved …. For the above reasons defendant Griffith M.D. should be held to account and culpable as res judicata is not applicable in this case." (*Id*. at 7.) Plaintiff then proceeds to contend that the state trial court's ruling were erroneous. (*Id*. at 7-8.)

### 1. Applicable Legal Standards

Claim preclusion bars litigation of claims that were or could have been raised in a prior action. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted). Claim preclusion "requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between parties." *Harris*, 682 F.3d at 1132 (citing *Cell Therapeutics, Inc. v. Lash Grp., Inc*., 586 F.3d 1204, 1212 (9th Cir. 2010)).

The doctrine of res judicata, or claim preclusion, "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011) (citation & internal

1   quotation marks omitted). Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, a
2   federal court must give a state court judgment the same preclusive effect as the state court
3   judgment would receive by another court of that state. *See* 28 U.S.C. § 1738; *Maldonado v.*
4   *Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("28 U.S.C. § 1738 generally requires federal courts to
5   give state court judgments the same res judicata effect that they would be given by another court
6   of that state"). The Ninth Circuit has made it clear that a section 1983 claim brought in federal
7   court is subject to the principles of issue and claim preclusion by a prior state court judgment.
8   *Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1231 (9th Cir. 2014).
9       California courts employ the primary rights theory to determine what constitutes the same
10  cause of action for claim preclusion purposes, and under this theory, a cause of action is (1) a
11  primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the
12  defendant, and (3) a harm done by the defendant which consists in a breach of such primary right
13  and duty. *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *City of Martinez v.*
14  *Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003)). If two actions involve the
15  same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at
16  stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different
17  forms of relief and/or adds new facts supporting recovery. *Id*. (citing *Eichman v. Fotomat Corp.*,
18  147 Cal. App. 3d 1170, 1174 (1983)).
19      "California's claim preclusion law...prevents relitigation between the same parties or
20  parties in privity with them." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015). Privity
21  is a legal conclusion which designates a person "so identified in interest with a party to former
22  litigation that he represents precisely the same right" being adjudicated. *In re Schimmels*, 127
23  F.3d 875, 881 (9th Cir. 1997) (quoting *Southwest Airlines Co. v. Texas Int'l Airlines, Inc.*, 546
24  F.2d 84, 94 (5th Cir. 1977)); *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir. 1993) ("[W]hen
25  two parties are so closely aligned in interest that one is the virtual representative of the other, a
26  claim by or against one will serve to bar the same claim by or against the other") (citation
27  omitted).
28  //

"A judgment is on the merits for purposes of res judicata if the substance of the claim is tried and determined." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 77 (2000) (citation & internal quotation marks omitted).

### 2. Analysis

The Court considers the identity of claim, whether there is a final judgment on the merits, and if the previous litigation involved the same parties, or privity between parties. *Harris*, 682 F.3d at 1132.

#### a. Identity of Claim

The allegations of Plaintiff's present complaint demonstrate that there is an identity of claims between this action and the prior action.

In this action, Plaintiff's operative second amended complaint asserts a substantive due process claim, alleging Defendant Griffith failed to read Plaintiff the consent form, failed to inform Plaintiff of the risks and side effects of the prostrate biopsy procedure and failed to inform him of the alternative medical options affecting Plaintiff's liberty interest to make an informed decision as to whether to accept or reject proposed regarding medical treatment. In the state trial court action, Plaintiff pursued a medical malpractice or negligence action on a theory of a failure to inform Plaintiff of the harm or complications from a prostrate procedure. (*See* Doc. 34-3 at 9-18.) Griffith moved for summary judgment in the state court proceeding and the trial court granted the motion, finding "there is no triable issue of material fact in regards to Dr. Griffith breaching the standard of care, or causing any of Plaintiff's injuries," including finding "the proper informed consent was obtained and that the actions of Dr. Griffith were not a substantial factor in the harm allegedly incurred by Plaintiff." (Doc. 34-3 at 22-24.)

The actions involve the same injury: an inability to make an informed decision concerning a medical procedure. They also involve the same defendant: Lyle Griffith, M.D. *Harris*, 682 F.3d at 1132. Thus, the Court finds there is an identity of claims between the prior action and the instant action. *Harris*, 682 F.3d at 1132. Further, both cases involve the same primary right at stake because Plaintiff possessed a primary right that corresponded with Defendant's primary duty, resulting in an alleged harm by Defendant consisting of a breach of such primary right and

8

duty. *Brodheim*, 584 F.3d at 1268. In other words, Plaintiff's substantive due process claim derives from the same primary right as the one he litigated and lost in state court concerning a liberty interest in his ability to make an informed choice concerning a medical procedure. To the extent Plaintiff's action asserts a different theory of recovery—a violation of his substantive due process rights versus medical malpractice or negligence—res judicata principles still apply. *Id*.

Both suits also arise out of the same set of facts and Plaintiff's claim here could have been raised in the state court action. *See Owens v. Kaiser Foundation Health Plan Inc.,* 244 F.3d 708, 716 (9th Cir. 2001) (finding that res judicata barred litigation of even "distinctively different" claims in subsequent action that could have been raised in a prior action because both suits would arise out of the same nucleus of facts); *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir.1986) (a plaintiff "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory").

### b. Final Judgment on the Merits

A final decision on the merits "includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Citizens for Open Access etc. Tide, Inc. v. Seadrift Assn.,* 60 Cal. App. 4th 1053, 1065 (Cal. Ct. App. 1998). Here, the state court adjudicated Defendant's summary judgment motion and entered judgment in favor of Defendant Griffith. (Doc. 34-3 at 20.) Further, the state trial court's decision was affirmed on appeal and the California Supreme Court denied review. *Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*, 85 Cal. App. 4th 1168, 1174 (2000) (res judicata bar does not attach until appeal from trial court judgment has been exhausted). The state court's adjudication is a final judgment on the merits and should be accorded conclusive effect.

### c. Same Parties

Claim preclusion "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *Mycogen Corp. v. Monsanto*, 28 Cal. 4th 888, 896 (2002). Here, the Kings County Superior Court action and the instant action involve the same parties: Plaintiff and Lyle D. Griffith, M.D. *Harris*, 682 F.3d at 1132.

//

1    In sum, Plaintiff should be precluded from relitigating the same cause of action decided on
2 the merits by the Kings County Superior Court and affirmed following state court appellate
3 review. *Tohono O'Odham Nation*, 563 U.S. at 315. This Court finds the Kings County Superior
4 Court's judgment is entitled to full faith and credit in this Court. 28 U.S.C. § 1738. Further,
5 because Plaintiff's second amended complaint is barred by the doctrine of res judicata,
6 amendment would be futile. *Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district
7 court may deny leave to amend when amendment would be futile"); accord *Lopez v. Smith*, 203
8 F.3d at 1129 ("Courts are not required to grant leave to amend if a complaint lacks merit
9 entirely"). Therefore, the Court will recommend Defendant's motion to dismiss be granted.

3. <u>Defendant's Request Pursuant to Rule 12(d)</u>

11   Defendant's motion includes a request to convert his motion to dismiss to a motion for
12 summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 34 at 7-9.)
13   Federal Rule of Civil Procedure 12(d) states that "[i]f, on a motion under Rule 12(b)(6) or
14 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion
15 must be treated as one for summary judgment under Rule 56. All parties must be given a
16 reasonable opportunity to present all the material that is pertinent to the motion." Whether to
17 convert a Rule 12(b)(6) motion into one for summary judgment pursuant to Rule 12(d), when the
18 opposing party has notice that the court may look beyond the pleadings, is at the discretion of the
19 district court. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1207 (9th Cir.
20 2007).

21   First, while Plaintiff arguably had "notice that the court may look beyond the pleadings"
22 because Plaintiff submitted a Separate Statement of Undisputed Facts with his opposition to
23 Defendant's motion to dismiss, the Court is hesitant to convert the motion to dismiss into one for
24 summary judgment where Plaintiff did not receive formal notice of the requirements for summary
25 judgment. *See Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notices must be served
26 concurrently with motion for summary judgment so that pro se prisoner plaintiffs have fair,
27 timely and adequate notice of what is required of them); *Rand v. Rowland*, 154 F.3d 952, 960 (9th
28 Cir. 1998); *Klingele v. Eikenberry*, 849 F.2d 409, 411 (9th Cir. 1988) (pro se prisoners must be

provided with notice of the requirements for summary judgment).

Second, the Court's recommendation to grant Defendant's motion to dismiss as barred by the doctrine of res judicata necessarily involves the dismissal of this action with prejudice. *See, e.g.*, *Cramer v. Dickenson*, No. 1:08-cv-00375-AWI-GSA-PC, 2013 WL 127639, at *5 (recommending defendants' motion to dismiss be granted and that the action be dismissed "in its entirety, with prejudice, for Plaintiff's failure to state a claim … based on the doctrine of res judicata") (E.D. Cal. Jan. 9, 2013), *adopted in full* on March 21, 2013, 2013 WL 1192402, *affirmed on appeal*, 586 Fed. Appx. 381 (9th Cir. 2014). And the Court's review herein was limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek*, 519 F.3d at 1030-31.

In sum, the Court declines to convert Defendant's motion to dismiss to a motion for summary judgment.

### VI.   CONCLUSION AND RECOMMENDATION

For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's motion to dismiss be **GRANTED**;
2. Plaintiff's second amended complaint be **DISMISSED** without leave to amend for a failure to state claim; and
3. This action be **DISMISSED** with prejudice and the case closed.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 5, 2023**                    /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE